UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| James Reilly Hammond, as Personal Representative for the Estate of James W. Hammond, | ) ) ) ) | Civil Action No. 1:13-00139-JMC |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER AND OPINION** |
| United States of America and United States Department of Labor, | ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

      Plaintiff James Reilly Hammond ("Plaintiff"), as Personal Representative for the Estate of James W. Hammond ("James Hammond"), filed this declaratory judgment action against Defendants United States of America (the "Government") and the United States Department of Labor ("DOL") (collectively "Defendants") seeking a declaration by the court that his father's estate should be awarded $125,000.00 compensation by DOL under Part E of the Energy Employees Occupational Illness Compensation Program Act of 2000 ("EEOICPA"), 42 U.S.C. §§ 7384-7385s-15.  (ECF No. 1.)

      This matter is before the court on a motion by Defendants to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) ("Rule 12(b)(1) motion") on the basis that the court lacks subject matter jurisdiction since Defendants have not waived their sovereign immunity.  (ECF No. 8 at 7-9.)  Defendants also move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6) motion") because Plaintiff has failed to state a claim for which relief may be granted.  (Id. at 10-13.)  Plaintiff opposes Defendants' motion to dismiss asserting that dismissal of his case would be unequitable and unconscionable.  (ECF No. 10.)  For the reasons set forth below, the court **DENIES** Defendants' Rule 12(b)(1) motion and Rule 12(b)(6) motion.

## I.    RELEVANT BACKGROUND TO PENDING MOTION

The facts as viewed in the light most favorable to Plaintiff are as follows.

Plaintiff is the son of James Hammond.  (ECF No. 1 at 1 ¶ 1.)  James Hammond and his wife, Ida W. Hammond ("Ida Hammond"), both worked at the Savannah River Site.  (Id. at 2 ¶ 7.)  Ida Hammond developed bladder cancer.  (Id. at ¶ 8.)  She filed a Form EE-1 Claim for benefits under the EEOICPA for the bladder cancer condition on January 4, 2012.  (Id.)  Ida Hammond died on March 25, 2012.  (Id.)  On April 6, 2012, James Hammond filed a claim for survivor benefits under the EEOICPA.  (Id. at ¶ 9.)  Plaintiff alleges that the DOL knew that James Hammond was terminal and had acknowledged that it would need to "expedite processing" of his file.  (Id.)

On or around April 25, 2012, the DOL issued a Notice of Recommended Decision awarding James Hammond $150,000.00 in benefits under Part B of EEOICPA and $125,000 in benefits under Part E.  (Id. at ¶ 10.)  The total award was $275,000.00.  (Id.)  James Hammond waived his right to object to the April 25, 2012 Notice of Recommended Decision by signing a waiver on April 25, 2012.  (Id. at 3 ¶ 11.)  On April 26, 2012, the DOL issued its Notice of Final Decision.  (Id. at ¶ 12.)  Thereafter, the DOL instructed James Hammond to submit an Acceptance of Payment Form "EN-20" with an original signature in order to receive payments of the awarded benefits.  (Id. at ¶ 13.)

On April 26, 2012, the DOL issued an incorrect EN-20 identifying the wrong amount of benefits on it.  (Id.)  When Plaintiff noticed the incorrect amount, he notified the DOL and was informed that it was a scrivener's error.  (Id.)  Because of the error, the DOL issued a new EN-20, which resulted in a delay in finalizing the claim.  (Id.)  James Hammond signed the corrected EN-20 and submitted it to the DOL's Resource Center on Friday, April 27, 2012.  (Id. at ¶ 14.)

Plaintiff communicated with representatives of the DOL who said that the transfer of funds would occur on April 27, 2012.  (Id. at 4 ¶ 16.)  Later on that day, Plaintiff received information that the DOL was having a "hard time" getting the funds sent to his father's bank.  (Id. at ¶ 17.)  A representative of the DOL apologized to Plaintiff and asked whether James Hammond would live until Monday, April 30, 2012, when the funds would be sent without a problem.  (Id.)

On Monday, April 30, 2012 at approximately 9:00 a.m., James Hammond passed away from terminal cancer.  (Id. at ¶ 18.)  Plaintiff notified the DOL on that same day.  (Id. at ¶ 19.)  A representative of the DOL told Plaintiff that the DOL would not transfer the funds for the Part E benefits.  (Id. at ¶ 20.)  This action arises from the DOL's refusal to pay benefits under Part E of the EEOICPA.  (Id. at 5 ¶ 21.)

Plaintiff filed a declaratory judgment action in this court on January 14, 2013.  (ECF No. 1.)  On March 19, 2013, Defendants filed their motion to dismiss.  (ECF No. 8.)  Plaintiff filed opposition to Defendants' motion to dismiss on April 5, 2013.  (ECF No. 10.)

## II.     LEGAL STANDARD

A.     Declaratory Judgment Actions

Under the Declaratory Judgment Act, a district court, in a case or controversy otherwise within its jurisdiction, "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'"  Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995) (quoting Pub. Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952)).  Courts have long interpreted the Act's

permissive language "to provide discretionary authority to district courts to hear declaratory judgment cases." United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 493 (4th Cir. 1998). "[A] declaratory judgment action is appropriate 'when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256 (4th Cir. 1996) (quoting Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937)).

B.    Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)

A Rule 12(b)(1) motion for lack of subject matter jurisdiction raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it. Id. In determining whether jurisdiction exists, the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (citation omitted).

C.    Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

D.      Sovereign Immunity

"As a sovereign the United States 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" McLean v. United States, 566 F.3d 391, 401 (4th Cir. 2009) (quoting United States v. Testan, 424 U.S. 392, 399 (1976)). Sovereign immunity cannot be avoided by suing individual agencies or departments of the United States. See, e.g., Dep't of Army v. Blue Fox, Inc., 525 U.S. 255, 259–63 (1999). "Rather, sovereign immunity is implicated any time that 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act.'" Judkins v. Veterans Admin., 415 F. Supp. 2d 613, 616 (E.D.N.C. 2005) (quoting Dugan v. Rank, 372 U.S. 609, 620 (1963)). Plaintiffs suing the United States

must allege an unequivocal waiver of sovereign immunity and such waivers may not be implied, and must be strictly construed in favor of the sovereign.  United States v. Mitchell, 445 U.S. 535, 538 (1980); McMahon v. United States, 342 U.S. 25, 27 (1951).

E.     The EEOICPA

The EEOICPA establishes a compensation program that provides benefits to certain employees who suffer from illnesses related to their exposure to beryllium and radiation in connection with the performance of their work for the Department of Energy ("DOE").  See 42 U.S.C. §§ 7384(a)(8), 7384d(b).  The EEOICPA was intended "to provide for timely, uniform, and adequate compensation of covered employees and, where applicable, survivors of such employees, suffering from illnesses incurred by such employees in the performance of duty for the Department of Energy and certain of its contractors and subcontractors."  42 U.S.C. § 7384d. The DOL is designated as the administrating agency of the program.  See Exec. Order No. 13,179; 65 Fed. Reg. 77487 (Dec. 7, 2000).

Covered employees under Part B of the EEOICPA include those with specified types of cancer who contracted their illnesses after beginning employment at a DOE facility.  See 42 U.S.C. § 7384l(9) & (17).  A covered employee receives compensation in the amount of a $150,000.00 lump-sum payment, plus medical benefits.  42 U.S.C. § 7384s(a)-(b).  Part E of the EEOICPA provides additional compensation to certain DOE contractor employees or their eligible survivors for permanent impairment and/or wage loss due to a covered illness resulting from work-related exposure to a toxic substance at a DOE facility.  42 U.S.C. § 7385s.

If an employee is deceased at the time of payment of compensation under Part B or Part E, such compensation may be paid only to the employee's eligible survivor(s), as specified under each Part.  Under Part B, payment may be made to a surviving spouse who is living at the time of

payment.  42 U.S.C. § 7384s(e)(1)(A).  If there is no surviving spouse, payment of compensation may be made in equal shares to all children of the covered employee who are living at the time of payment.  Id. at § 7384s(e)(1)(B).

Similarly, under Part E, payment of compensation available under that Part may be paid to a covered spouse who is alive at the time of payment.  42 U.S.C. § 7385s-3(c)(1).  If there is no such covered spouse, payment is made to all covered children who are alive at the time of payment.  Id. at § 7385s-3(c)(2).  A "covered child" under Part E is a child who, as of the employee's death, was under the age of 18, or under the age of 23 and a full-time student, or any age and incapable of self-support.  Id. at § 7385s-3(d)(2).

An employee, or the employee's survivor, files a claim for benefits under the EEOICPA with the Office of Workers' Compensation Programs ("OWCP") of the DOL.  20 C.F.R. §§ 30.100(a) & 30.101(a).  The claimant must submit medical evidence of the employee's covered illness.  Id. at §§ 30.100(c)(2) & 30.101(d)(2).  The OWCP issues a recommended decision on a claim and forwards it to the Final Adjudication Branch ("FAB").  20 C.F.R. § 30.300.  A claimant may object to the recommended decision and may request a hearing before the FAB. Id.  After considering any objections, the FAB issues the agency's final decision, which is then subject to judicial review.  See 20 C.F.R. §§ 30.316, 30.319(d).

F.    The Administrative Procedures Act

The Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706, provides a mechanism for judicial review of executive action by waiving sovereign immunity in cases in which plaintiffs sue the United States for relief other than money damages.  See id. at § 702.  The scope of this waiver, however, is not unlimited.  Rather, the APA limits review to "[a]gency action made reviewable by statute and final agency action for which there is no other adequate

remedy in a court." Id. at § 704. Thus, if a statute precludes judicial review or the "agency action is committed to agency discretion by law," the court cannot review it. Id. at § 701(a).

Despite these limitations, the Supreme Court has declared the APA "must be given a hospitable interpretation." Abbott Labs. v. Gardner, 387 U.S. 136, 141 (1967) (quotations and citations omitted). Consequently, "judicial review of a final agency action . . . will not be cut off unless there is persuasive reason to believe that such was the purpose of Congress." Id. at 140. This means an agency must show by clear and convincing evidence that the legislature intended to preclude judicial review of a particular agency action. See id. at 141.

## III.     ANALYSIS

A.     Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction

### 1. The Parties' Arguments

In their Rule 12(b)(1) motion, Defendants argue that they are entitled to dismissal because they cannot be sued in this action without a waiver of sovereign immunity. (ECF No. 8 at 7 (citing, e.g., Blue Fox, Inc., 525 U.S. at 260).) In this regard, Defendants argue that the waiver of sovereign immunity provided within Part E of the EEOICPA does not apply to this action because Plaintiff's dissatisfaction is with the DOL's refusal to pay awarded benefits, instead of the final decision. (Id. at 8 (citing 42 U.S.C. § 7385s-6(a) ("A person adversely affected or aggrieved by a final decision of the Secretary under this part may review that order in the United States district court in the district in which the injury was sustained, the employee lives, the survivor lives, . . . .")).) Defendants further argue that Plaintiff has not alleged any other statutory provision that would satisfy the waiver prerequisite (i.e., the Federal Tort Claims Act, the APA). (Id. at 8-9.) As a result, Defendants request the dismissal of Plaintiff's complaint because sovereign immunity has not been waived. (Id. at 14.)

Plaintiff opposes Defendants' Rule 12(b)(1) motion asserting that Defendants' sovereign

immunity was waived in this matter pursuant to Part E of the EEOICPA and the APA. (ECF No. 10 at 5.) As to the waiver of sovereign immunity contained in Part E of the EEOICPA, Plaintiff argues that to follow Defendants' interpretation of the statute "would be wholly inequitable and unjust as Congress intended that the EEOICPA be based on equity and fairness." (Id. at 5-6.) Plaintiff further argues that there is an independent statutory waiver of sovereign immunity available to him under the APA. (Id. at 6 (citing 5 U.S.C. §§ 701-706).) In this regard, Plaintiff argues that he satisfies the prerequisites for judicial review under the APA because (1) the DOL's decision to not pay awarded benefits constitutes a final agency action and (2) he has standing because his action is not for "money damages," but for equitable relief of a declaratory judgment to compel Defendants to pay $125,000.00 in Part E benefits under the EEOICPA. (Id. at 6-9.) Based on the foregoing, Plaintiff asserts that Defendants' Rule 12(b)(1) motion should be denied because a waiver of sovereign immunity is appropriate.

           2.  *The Court's Review*

      In this matter, Plaintiff seeks a waiver of Defendants' sovereign immunity pursuant to Part E of the EEOICPA and/or the APA. In the context of the EEOICPA, waiver of sovereign immunity is allowed when a person is "adversely affected or aggrieved by a final decision." 42 U.S.C. § 7385s-6(a). In this matter, Plaintiff cannot claim that he was adversely affected or aggrieved by a "Final Decision" because the relevant final decision in this matter authorized James Hammond to receive total survivor compensation of $275,000.00 under the EEOICPA. (See ECF No. 1-6 at 7.) Thus, the court finds merit in Defendants' argument that Part E of the EEOICPA does not apply to this action.

      In addition, Part E of the EEOICPA requires a "person adversely affected or aggrieved by a final decision" to file a petition for judicial review "within 60 days after the date on which that

final decision was issued." 42 U.S.C. § 7385s-6(a). The final decision in this matter was issued on April 26, 2012 and the complaint does not allege any activity by the parties after April 30, 2012. (See ECF Nos. 1, 1-6.) Because Plaintiff filed the complaint approximately 260 days after the final decision, the court is not persuaded that it has jurisdiction to review Plaintiff's claims under Part E of the EEOICPA. See, e.g., Bowles v. Russell, 551 U.S. 205, 209 (2007) (statutory deadline for filing notice of appeal is jurisdictional and cannot be equitably tolled); Barrie v. U.S. Dep't of Labor, 805 F. Supp. 2d 1140, 1144 (D. Col. 2011) ("The EEOICPA's 60-day filing deadline is jurisdictional. Because Mr. Barrie filed his claim after the expiration of the 60-day filing deadline, his claim is time-barred and I lack jurisdiction over his complaint."). Therefore, the court finds that Part E of the EEOICPA does not provide Plaintiff with a waiver of Defendants' sovereign immunity.

The APA, on the other hand, sets forward a limited waiver of sovereign immunity as to claims "seeking relief other than money damages." 5 U.S.C. § 702. Upon review, the court finds that judicial review of this action is neither precluded by statute nor committed to agency discretion by law. Moreover, the mere fact that Plaintiff may be entitled to monetary relief based upon the allegations contained within his complaint does not require the court to find that this action is monetary in nature and outside of section 702's limited waiver of sovereign immunity. Based on the foregoing, the court finds that the relief sought by Plaintiff in this action is properly characterized as declaratory or injunctive relief. See Zellous v. Broadhead Assocs., 906 F.2d 94, 99 (3d Cir. 1990) (holding that tenants in an action against the United States Department of Housing and Urban Development were only seeking what they were statutorily entitled to thus the relief requested was "other than money damages" under 5 U.S.C. § 702). As such, the court finds that the waiver of sovereign immunity found in 5 U.S.C. § 702 applies to Plaintiff's claims,

and, therefore, denies Defendants' Rule 12(b)(1) motion.

B.    Defendants' Motion to Dismiss for Failure to State a Claim

       *1.  The Parties' Arguments*

       In their Rule 12(b)(6) motion, Defendants argue that the court is precluded from requiring Defendants to pay Part E benefits "no matter how just the remedy requested by [Plaintiff] may appear." (ECF No. 8 at 10 (citing Office of Pers. Mgmt. v. Richmond, 496 U.S. 414 (1990)).) Defendants argue that Richmond forecloses the court from using "an equitable doctrine to grant a monetary remedy against the Government that Congress has not explicitly authorized." (Id. at 11 (citing Richmond, 496 U.S. at 426) (citation omitted).)  In this regard, Defendants argue that the payment sought by Plaintiff is not authorized by Part E because the EEOICPA does not contain a provision for paying compensation to a survivor's estate or heirs after the survivor's death.  (Id. at 12.)  Accordingly, Defendants argue that neither the DOL nor the court has any authority to pay the compensation requested by Plaintiff.  (Id. at 13.)  Based on the foregoing, Defendants contend that Plaintiff's complaint fails to state a claim for which relief may be granted.  (Id. at 14.)

       Plaintiff opposes Defendants' Rule 12(b)(6) motion asserting that Congress had the intent for the EEOICPA to be construed under equitable principles and to allow Defendant to not pay Part E benefits would defeat the purpose of the EEOICPA and go against equity and good conscience.  (Id. at 10-11 (citing 42 U.S.C. §§ 7384(a)(8)[1], 7385j-2(b)[2]).)  In this regard, Plaintiff

---

[1] "To ensure fairness and equity, the civilian men and women who, over the past 50 years, have performed duties uniquely related to the nuclear weapons production and testing programs of the Department of Energy and its predecessor agencies should have efficient, uniform, and adequate compensation for beryllium-related health conditions and radiation-related health conditions." 42 U.S.C. § 7384(a)(8).

[2] "Recovery by the United States under this section may not be made when incorrect payment has been made to an individual who is without fault and when adjustment or recovery would defeat

argues that Defendants' Rule 12(b)(6) motion should be denied because "[t]he unique facts presented support an equitable claim that this [c]ourt must hear to preserve justice . . . [and] Plaintiff alleges facts that would result in inequity and injustice if not remedied by this [c]ourt." (Id. at 11.)   Plaintiff further argues that courts have used equitable relief to enlarge the construction of a statute to further the intent of the legislature or to remedy government errors. (Id. at 12-13 (citing, e.g., Gromo v. Office of Pers. Mgmt., 944 F.2d 882, 885 (Fed. Cir. 1991) ("When, however, there is a problem such as here created wholly by the Government and for which a ready remedy is available-and that remedy is statutorily conditioned on grounds of equity and good conscience-it ill-behooves the Government to deny its error or to fail to mitigate the harm it caused."); District of Columbia v. Orleans, 406 F.2d 957 (D.C. Cir. 1968) ("The court's effort must be to discern dispositive legislative intent by 'projecting as well as it could how the legislature would have dealt with the concrete situation if it had but spoken.") (Citation omitted)).) Moreover, Plaintiff argues that Defendants' reliance on Richmond is improper because the payment to his father was authorized and the funds in Richmond were never authorized or appropriated.  (Id. at 14.)  Lastly, Plaintiff pleads with the court to use its common law equity tools to resolve this matter in a just and equitable way.  (Id.)

> 2.  *The Court's Review*

Under the APA, agency action must be upheld unless the action is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.  Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971).  "In determining whether agency action was arbitrary and capricious, the court must consider whether the agency considered the relevant factors and whether a clear error of judgment was made."  Ohio Valley Envtl Coal. v. Aracoma

---

the purpose of this subchapter or would be against equity and good conscience."    42 U.S.C. § 7385j-2(b).

Coal Co., 556 F.3d 177, 192 (4th Cir. 2009) (citation omitted).

In the complaint, Plaintiff alleges that Defendants made the decision to not transfer benefits under Part E of EEOICPA to James Hammond even though the DOL (1) issued James Hammond an incorrect EN-20 that resulted in a delay in expediting his claim, (2) acknowledged that it had failed in its attempt to transfer funds to James Hammond on Friday, April 27, 2012 when he was still alive, (3) stated on April 27, 2012 that, because of its problems and not any error by James Hammond, the transfer would take place on Monday, April 30, 2012, (4) learned that James Hammond might not live until Monday, April 30, 2012 and (5) did not transfer funds early enough on Monday, April 30, 2012 before James Hammond passed away. (ECF No. 1 at 3 ¶ 13, 4 ¶¶ 17-20.) Plaintiff further alleges that equitable principles require that Defendants pay the Part E benefits. (See id. at 5-6.)

Accepting as true these well-pleaded allegations and viewing the complaint in a light most favorable to Plaintiff, the court finds that Plaintiff has sufficiently alleged that Defendants' failure to pay Part E benefits was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Accordingly, Defendants' Rule 12(b)(6) motion must be denied.

## IV.    CONCLUSION

For the reasons set forth above, the court hereby **DENIES** the motion by Defendants United States of America and the United States Department of Labor to dismiss the complaint against them pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (ECF No. 8.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 27, 2014
Columbia, South Carolina